UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

PIMENIO VELA HERRERA,
Institutional ID No. 87986

                 Plaintiff,

v.                                    No. 5:26-CV-00089-H

TOM W. BRUMMETT, *et al.*,

                 Defendants.

## ORDER TO REPLEAD

Plaintiff Pimenio Vela Herrera, a self-represented pretrial detainee seeking to proceed *in forma pauperis*, filed a civil-rights complaint under 42 U.S.C. § 1983. After review, the Court concludes that Plaintiff's complaint does not comply with the applicable rules of pleading required for the Court to conduct screening under 28 U.S.C. § 1915(e)(2). Specifically, the Court finds that the complaint is an unauthorized "shotgun pleading" that improperly attempts to join unrelated claims and defendants.[1] *See* Fed. R. Civ. P. 18, 20. Plaintiff names 14 defendants and complains about multiple distinct and unrelated claims that occurred in Lubbock County and at the Lubbock County Detention Center on dates spanning February 2024 to April 9, 2026.[2] So, the Court will give Plaintiff an opportunity

---

[1] *See Langston v. Ethicon Inc.*, No. 3:20-CV-3 712-S, 2021 WL 6198218, at *3 (N.D. Tex. Dec. 31, 2021) (citing collection of cases that discuss how shotgun pleadings are disfavored in this circuit).

[2] For example, Plaintiff complains that—among other things—on February 22, 2024, Defendants Brummett and Hocker set excessive bond in his criminal proceedings; that on August 15, 2025, certain defendants subjected him to cruel and unusual punishment and excessive force; and that on April 6, 2026, his right to freedom of speech were violated when he was placed in the SHU. *See* Dkt. No. 1 at 5.

to replead his claims in an amended complaint—**and possibly multiple separate civil actions**—to comply with applicable rules.

If Plaintiff intends to proceed with this action, he must, **within 30 days**, file a complete amended complaint on the proper form that complies with applicable pleading standards.[3] Any claims that Plaintiff intends to raise **must be related to the same occurrence or series of occurrences.** His claims must raise questions of law or fact that are common to **all** defendants that he names. At a minimum, Plaintiff must include the following information:

(1)    the name and location of each defendant. If Plaintiff is unable to name the individual defendants involved in the alleged violations, he must provide details to describe the defendants, such as the defendant's employer, job title, and physical description;

(2)    the date(s) involved as to each named defendant;

(3)    specific facts as to the acts or omissions of each named defendant;

(4)    the specific constitutional violation alleged to have been committed by each named defendant; and

(5)    the injuries Plaintiff suffered as a result of the named defendant's actions and any treatment received for the injury.

Plaintiff shall not incorporate by reference, or otherwise, any portion of the complaint previously submitted and shall not attach it or any portion of it as an exhibit. And Plaintiff must not include quotations and citations to legal authority or make legal arguments. Conclusory allegations will not be considered. **In other words, the amended**

---

[3] Rule 8 requires a pleading that states a claim for relief to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Rules 18 and 20 govern and set limits on the joinder of claims and parties. *See id.* at 18, 20.

2

complaint should include facts—that is, what happened, where it happened, when it happened, who was involved, and how Plaintiff was injured.

The amended complaint will replace and supersede the original complaint.

If Plaintiff does not fully comply with this order, the Court will dismiss this action for want of prosecution without further notice. *See* Fed. R. Civ. P. 41(b). And if Plaintiff disregards the Court's instructions by filing an amended complaint that improperly joins unrelated claims and defendants, the Court will either dismiss without prejudice or sever any unrelated claims into separate lawsuits, which will be subject to separate filing fees.[4]

The Clerk will mail Plaintiff a prisoner civil-rights complaint form marked "amended" and with this case number. Plaintiff may obtain additional forms from his unit's law library if he decides to file more than one lawsuit based upon any unrelated claims.

Dated April 29, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

---

[4] The Court has discretion to, on just terms, add or drop parties and sever misjoined claims. *See* Fed. R. Civ. P. 21; *see also Arrington v. City of Fairfield*, 414 F.2d 687 ,693 (5th Cir. 1969) (explaining that a district court has direction under Rule 20(a) to control the scope of a lawsuit by limiting the number of defendants a plaintiff may sue in a particular case).