UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

PIMENIO VELA HERRERA,
Institutional ID No. 87986

                           Plaintiff,

v.                                              No.  5:26-CV-00089-H

TOM W. BRUMMETT, *et al.*,

                           Defendants.

## ORDER

Plaintiff filed a civil-rights complaint under 42 U.S.C. § 1983.  He did not pay the filing fee, but he filed an application to proceed *in forma pauperis* (IFP).  He did not, however, file the required certificate of his inmate trust account statement.  As explained below, because Plaintiff has not informed the Court of his current address or complied with its orders, the case must be dismissed for failure to prosecute.

When this case was filed on April 24, 2026, the Clerk mailed Plaintiff the Court's standard notice and instructions for pro se parties.  Dkt. No. 3.  The notice informed Plaintiff that he must promptly notify the Court of any address changes and warned him that his case may be dismissed if he fails to do so.  On April 27, 2026, the Court entered an electronic notice of judicial screening and standing order, again ordering Plaintiff to promptly notify the Court in writing of any change of address, and warning that failure to do so could result in the dismissal of his case.  Dkt. No.5.

On April 27, 2026, the Court also ordered Plaintiff to either pay the filing fee or file a form application to proceed IFP and a certified copy of his inmate trust account within 30 days.  Dkt. No. 6.  The Court warned Plaintiff that his failure to comply would result in the dismissal of his case for want of prosecution.  The deadline for Plaintiff to cure the filing-fee

deficiency was May 27, 2026.  Additionally, on April 29, 2026, the Court ordered Plaintiff to file an amended complaint within 30 days.  Dkt. No. 7.  The deadline for Plaintiff to file his amended complaint was May 29, 2026.  Finally, on May 14, 2026, the Court entered a notice of deficiency and order, unfiling Plaintiff's unsigned motion for a temporary restraining order and requiring him to file a signed motion within 14 days.  Dkt. No. 9.

All of the above orders were mailed to Plaintiff at the address he provided in his complaint and subsequent pleadings—the Lubbock County Detention Center.  But the envelope containing the April 29 order was returned to the Clerk unopened.  *See* Dkt. No. 10.  The envelope was marked "RTS," "Return to Sender," "ATW," and "Inmate is no longer in L.C.D.C."  *Id*.  To date, Plaintiff has not provided the Court with his current address or complied with the Court's orders to replead or cure the filing-fee deficiency.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

This case cannot proceed because Plaintiff's current address is unknown and he has failed to cure the deficiencies noted in the Court's orders.  As a result, the Court finds that this civil action must be dismissed without prejudice for failure to prosecute.

So ordered.

Judgment will be entered accordingly.

All relief not expressly granted is denied and any pending motions are denied.

Plaintiff is admonished that if he refiles his complaint, he must file his complete complaint on the appropriate form and either pay the full filing fee or file an IFP application and a certificate of his inmate trust account.

Dated May 29, 2026.

James Wesley Hendrix
United States District Judge